**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT OWENSBORO**
**(Filed Electronically)**

**CRIMINAL ACTION NO. 3:23CR-35-CHB**
**UNITED STATES OF AMERICA,**                                      **PLAINTIFF,**

**vs.**

**COLIN H. BILLUPS**                                                  **DEFENDANT.**

**DEFENDANT'S SENTENCING MEMORANDUM**

The Defendant, Colin H. Billups, was indicted in this case, and pleaded guilty to five firearm offenses which all involved ordering two "Glock Swithches" (devices that attach to a firearm to make it fire automatically) from a Chinese website.   He is scheduled to be sentenced by the Court on August 1, 2024.

**I.**

**The Pre-Sentence Report**

**A.      Objections to the PSR.**

There are no objections to the PSR.

**B.      Statutory Sentencing Range**.

The statutory sentencing range is 0-10 years on counts one and four: 0-15 on count two; and 0-20 on counts three and five.

**C.      Advisory Guideline Range**

The PSR calculates Mr. Billups' guideline range as a total offense level 15, and a

Office of the
Federal Defender
200 Theatre Building
629 Fourth Avenue
Louisville, KY 40202

Tel (502) 584-0525
Fax (502) 584-2808

Criminal History Category I.   This results in a guideline range of 18-24 months. ( PSR, ¶86). The defense does not object to this calculation.

### D.       Requested sentence

The defense respectfully requests a sentence of probation, which includes terms and conditions which the Court deems necessary and appropriate.  Such a sentence could include additional time on home incarceration, community service work and/or counseling.

Colin is a 22 year old young adult who had absolutely no brushes with the criminal justice system until this incident.  No criminal record whatsoever.

As evidenced by the PSR, (¶¶ 72-81) he has maintained gainful, consistent employment since the age of 15.  He graduated High School.  He has no substance abuse issues.  Aside from grief resulting from his father's death, he has good mental and emotional health.

He did, however, have an interest in firearms, which in general was completely legal for him.  He had no history or intention of using any firearm for violent purposes. Unfortunately, his interest in firearms led him to make the ill advised decision to illegally order two glock switches, which can be attached to a perfectly legal firearm and make it one which is illegal.  As a result, his life will be forever impacted.

There is no doubt that prison is a necessary punishment for certain offenses, and for certain individuals after consideration of both the guideline recommendations, and the other 3553(a) factors.  Colin is not one of these individuals, and this is not one of those cases.

Prison punishes.  At times it is successful in promoting rehabilitation.  It can protect

Office of the
Federal Defender
200 Theatre Building
629 Fourth Avenue
Louisville, KY 40202

Tel (502) 584-0525
Fax (502) 584-2808

2

the pubic from those who are a danger.  Conversely, it can also have a profoundly negative impact in terms of mental health, and indoctrination and immersion into a criminal culture that affects the mindset of individuals who had not previously been a part of that lifestyle[1].  These are the factors that the Court must balance.  In many, no doubt most, of the cases before this Court, the balance weighs in favor of some amount of prison time.  That is not the case here.

**Punishment**- As a result of this conduct, he has already paid a steep price, and will continue to do so.  He has a felony conviction which will impact the rest of his life.  He has been confined on home detention for the entire period since his arraignment in this case, a total of fifteen months.  The Court has the option of adding additional home incarceration, or intermittent confinement to the significant amount of time he has already served.  He can also be required to perform unpaid community service.

The felony conviction alone will have a negative impact, and limit both the type of employment he can obtain, and his future earnings potential.

Additionally, he will no longer be allowed to possess a firearm, regardless of the type of firearm it may be.

**Protection of the Public**- He has demonstrated that he is an appropriate candidate for probation by not only his past history, but his behavior since the outset of this case.  As noted above, he has been on home detentions for well over a year.  During that time, he has been completely compliant with all conditions, made all court appearance, continued to refrain

---

[1] See, for example, BBC, *How Prison Changes People*, May 1, 2018. Www.bbc.com/future/article/20180430-the-unexpected-ways-prison-time-changes-people.

Office of the
Federal Defender
200 Theatre Building
629 Fourth Avenue
Louisville, KY 40202

Tel (502) 584-0525
Fax (502) 584-2808

from any violation of the law, and consistently tested negative for any illegal substance. (See, PSR ¶¶ 16 and 68). As already noted, he had no prior criminal convictions, no arrests, nor even traffic offenses. There was no violence associated with this offense.

The U.S. Sentencing Commission has recognized that offenders that have no criminal history points have a recidivism rate which is far below that of other offenders[2]. But for the fact that a firearm the basis of this offense, albeit without any violence, Colin would have been entitled to another two level reduction in offense level under the "zero point offender" guideline, USSG§4C1.1.

**Rehabilitation**- Colin does not appear to be a young man in need of an inordinate amount of rehabilitation. He has continued to maintain steady employment, and has aspirations to attend trade school to further his career possibilities. Should the Court feel he is in need of some sort of counseling, it is certainly available in the community, and his past behavior strongly suggests he would cooperate with whatever counseling or treatment is deemed necessary.

The bottom line in this case: the need for punishment, any danger to the community, and the need for rehabilitation are minimal. Objectives that need to be met can be accomplished with community resources. The negative aspects of a prison sentence would far outweigh any benefit prison would add toward acheiving these sentencing goals.

It is noteworthy that review of the Judiciary Sentencing Information (JSIN) reveals that

---

[2] See. United States Sentencing Commission, 2023 Amendments In Brief. www.ussc.gov/sites/default/files/pdf/amendent

Office of the
Federal Defender
200 Theatre Building
629 Fourth Avenue
Louisville, KY 40202

Tel (502) 584-0525
Fax (502) 584-2808

approximately 20% of individuals that have the same guideline calculations as Mr. Billups have received probation.  This raw data is significant, and indicative that probation is a reasonable alternative to prison, even before consideration of Colin's mostly positive §3553(a) factors.

Wherefore, Mr. Billups respectfully requests that the Court sentence him to a period of probation, along with any conditions which the Court deems necessary and appropriate. Such a sentence is sufficient, but not more than necessary, to satisfy the sentencing objectives under 18 U.S.C. §3553(a).

/s/ Donald J. Meier
Assistant Federal Defender
200 Theatre Building
629 Fourth Avenue
Louisville, Kentucky 40202
(502) 584-0525

Counsel for Defendant.

## CERTIFICATE

I hereby certify that on July 25, 2024, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to the parties of record.

/s/ Donald J. Meier

Office of the
Federal Defender
200 Theatre Building
629 Fourth Avenue
Louisville, KY 40202

Tel (502) 584-0525
Fax (502) 584-2808